IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CLINTON REED, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| INTEGRATED FIRE PROTECTION, INC., | ) | JURY TRIAL DEMANDED |
| JOHN BENNETT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Clinton Reed (hereinafter "Plaintiff"), and files this lawsuit against Defendants Integrated Fire Protection, Incorporated and John Bennett (hereinafter collectively "Defendants"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Integrated Fire Protection, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 3715 Northcrest Rd. - Suite 17 , Atlanta, GA, 30340. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from February 2, 2008 through June 1, 2010 as an Inside Sales Account Executive.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Integrated Fire Protection, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant John Bennett is the President and CEO of Integrated Fire Protection, Inc. Defendant Bennett had discretion over Plaintiff's payroll and overtime compensation. Defendant Bennett acts both directly and indirectly in the interest of Integrated Fire Protection, Incorporated and was in a supervisory position over the named Plaintiff.

13.

Integrated Fire Protection, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant John Bennett is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. <u>Facts</u>

16.

Plaintiff Clinton Reed was hired as an Inside Sales Account Executive by Defendant Integrated Fire Protection, Inc. on February 2, 2008 and worked in that position until June 1, 2010.

17.

During his periods of employment, Plaintiff often worked over forty (40) hours per week.

18.

Plaintiff contacted existing inspection clients by telephone and electronic mail to sell them additional services.

19.

Plaintiff was paid a salary plus commission for his sales work.

20.

Plaintiff engaged in his sales work from the Integrated Fire Protection offices.

21.

Plaintiff did not customarily or regularly work away from Integrated Fire Protection's place of business.

22.

Plaintiff did meet with clients at their place of business to obtain orders or make sales.

23.

The Defendants incorrectly classified Plaintiff as a salaried, exempt employee.

24.

During Plaintiff's employment with Defendant Integrated Fire Protection, Inc., Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

25.

Plaintiff worked at Integrated Fire Protection approximately 65 hours per week from February 2008 to March 2010.  From March 2010 to June 2010, Plaintiff worked at Integrated Fire Protection approximately 50 hours per week.

26.

Defendants chose not to track its employees' hours.

27.

Defendants are required to track its non-exempt employees' hours pursuant to the Fair Labor Standards Act.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

28.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

29.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 1st day of February, 2011.

**BARRETT & FARAHANY, LLP**


/s/ Amanda Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Clinton Reed

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

8